Filed 3/26/25  P. v. Rodriguez CA2/3
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT
## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GUSTAVO ALEXANDER RODRIGUEZ,<br><br>        Defendant and Appellant. | B316391<br><br>Los Angeles County<br>Super. Ct. No. BA477061 |

APPEAL from a judgment of the Superior Court of Los Angeles County.  David R. Fields, Judge.  Sentence vacated and remanded with directions.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Opinion following transfer from Supreme Court.

A jury convicted Gustavo Alexander Rodriguez of several offenses, including kidnapping and making criminal threats against a four-year-old child. The court sentenced Rodriguez to an aggregate term of 13 years in prison, which included the high terms on two counts.

We initially rejected Rodriguez's contentions that his case must be remanded for resentencing under Senate Bill No. 567 (2021–2022 Reg. Sess.) (SB 567) and Assembly Bill No. 124 (2021–2022 Reg. Sess.) (AB 124). After granting review of our opinion, the Supreme Court decided *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar*) and *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), which clarified the harmless error standards when a trial court fails to comply with AB 124 and SB 567. The Supreme Court transferred the case to us with directions to vacate our decision and reconsider the cause in light of the new authority.

Having reconsidered the case with our high court's guidance in *Salazar* and *Lynch*, we vacate Rodriguez's sentence and remand the case for the trial court and the parties to comply with AB 124 and SB 567.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Rodriguez dated Justin R.'s mother, Kenia R. Rodriguez was jealous of Justin's father, Francisco Ortuna, whom Kenia

---

[1] We take judicial notice of the record in Rodriguez's prior appeal in the same case, *People v. Rodriguez* (July 16, 2021, B304602) [nonpub. opn.]. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

had previously dated.  Rodriguez and Kenia ended their relationship in January 2019.

Sometime after breaking up, Kenia agreed to give Rodriguez a ride.  Kenia planned to drop Rodriguez off after she made a stop to pick up a payment for a clothing sale. When Kenia got out of the car to go to the door of the residence, Rodriguez moved into the driver's seat and drove away in the car with Justin, who was four years old at the time.

Rodriguez told Kenia he would "give [her] the kid back" if she "turn[ed] [Ortuna] in to [Rodriguez]."  He told her, "We're going to make an exchange."  Rodriguez instructed Kenia to "call him once [Ortuna] was with [her]."  He said "he already [had] a toy with two sweets, one for Justin's father and one for [her]."  Rodriguez "later" told Kenia that the "toy" was "a weapon" and the "sweets" were "[t]wo bullets."

Kenia "was calling [Rodriguez] constantly."  Rodriguez told her if he "saw any police movement" he was "going to send [her] the kid's first little finger so that [she] could see that he was not playing and that he would send [her] the other little finger later."  Kenia "begged" Rodriguez "for seven hours." At some point, Rodriguez picked up Kenia, telling her "he was going to give me my boy."  Justin apparently was at a Burger King with Rodriguez's older daughter.

Kenia arrived at the Burger King and found Justin with Rodriguez's daughter.  Justin started to cry and said, " 'Mom, don't let me go because [Rodriguez] said to me that he was going to cut this little finger and that he was going to send it to you. And then that he was going to cut this one.  And then this one. And that if you didn't bring my dad, he was going to cut my head off and he was going to send it to you in a wooden box.

3

And I am very scared. I don't want anything to happen to my daddy.' "

The People charged Rodriguez with a number of crimes, including kidnapping Justin (count 1) and criminal threats against Justin (count 2). The case went to trial in December 2019. The jury convicted Rodriguez on all but one charged count.

The court sentenced Rodriguez to 13 years and 8 months in prison, plus 180 days in jail. The sentence included the high term of 11 years on count 1 (kidnapping Justin), and a concurrent high term of three years on count 2 (criminal threats against Justin), which the court stayed under Penal Code section 654.[2] The court explained the basis for imposing the high terms as follows: "[T]his case involved both a threat of great bodily harm and a high degree of cruelty, viciousness, and callousness, and I don't say these words lightly. This was a vicious act, just cruel and inhumane . . . . [¶] [T]he fact that he would threaten to cut the child's fingers off one at a time and send them to the mother if he didn't get the father, and then he threatened to cut his head off and send it to the mother in a box. I mean, how much more vicious can you get? That's horrible, despicable. It's unforgivable, and I think that that's—that's just powerful, overwhelming callousness and disregard for human decency." The court also noted the victim was "particularly vulnerable."

Rodriguez appealed, and we overturned the conviction on one of the counts. On remand, the trial court dismissed that count and resentenced Rodriguez to an aggregate term

---

[2]     Undesignated statutory references are to the Penal Code.

of 13 years. The court again imposed the high terms on counts 1 and 2 for the "reasons stated" at the original sentencing.[3]

Rodriguez appealed, arguing he is entitled to resentencing under AB 124 and SB 567. We agreed that, because Rodriguez's case was not yet final when AB 124 and SB 567 went into effect, he is entitled to the retroactive benefit of the ameliorative legislation. However, we concluded remand was not necessary.

The Supreme Court granted review. On January 15, 2025, the court transferred the case back to us with directions to reconsider our opinion in light of *Lynch, supra*, 16 Cal.5th 730, and *Salazar, supra*, 15 Cal.5th 416. Neither party filed a supplemental brief. (See Cal. Rules of Court, rule 8.200(b)(1).)

## DISCUSSION

1. ***AB 124***

Effective January 1, 2022, AB 124 amended section 1170 to provide: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6).)

AB 124 went into effect while Rodriguez's appeal was pending. The parties agree, as do we, that because Rodriguez's case was not yet final at that time, he is entitled to the retroactive benefit of the ameliorative legislation. (See *Salazar,*

---

[3] The court stayed the sentence on count 2 under section 654.

5

*supra*, 15 Cal.5th at p. 419; *In re Estrada* (1965) 63 Cal.2d 740, 744–745 (*Estrada*).) However, they disagree as to whether we are required to remand his case for resentencing under the new law.

In *Salazar,* the Supreme Court confirmed that, when the applicable law governing the defendant's sentence has substantively changed after sentencing, " 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*Salazar, supra*, 15 Cal.5th at p. 425.) The court explained "it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing." (*Id*. at p. 431.) This is especially true in cases involving AB 124, which represents a "marked departure from the prior law." (*Salazar*, at p. 432.)

Here, AB 124 went into effect after the trial court sentenced Rodriguez, and the record does not clearly indicate how the trial court would have exercised its discretion under the new law. Although the court imposed upper term sentences, "[m]ere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*Salazar, supra*, 15 Cal.5th at p. 431.)

The Attorney General argues remand is not required because there is no evidence in the record showing Rodriguez

meets the eligibility requirements for relief under AB 124. Rodriguez responds that, given his unknown citizenship status and indigency, it is likely he will be able to develop and present evidence of relevant mitigating factors. We agree with Rodriguez that he should have the opportunity to develop the record in response to the significant changes AB 124 made to the law. Accordingly, we will remand the case so he has the opportunity to do so. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242 [remanding for resentencing under AB 124 because neither the defendant nor the court "had a meaningful incentive to assess whether mental illness was a limited but nonetheless 'contributing factor' in the crime"]; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096 [remanding for resentencing under AB 124 where "the trial court had no statutory reason to make, and [the defendant] had no reason to seek, a finding that past psychological or physical trauma was a contributing factor to his commission of any of his offenses"].)

**2.    *SB 567***

While Rodriguez's appeal was pending, SB 567 went into effect. The legislation restricts a trial court's discretion to impose an upper term sentence. Effective January 1, 2022, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

The parties agree, as do we, that because Rodriguez's case was not yet final when SB 567 went into effect, he is entitled

7

to the retroactive benefit of the ameliorative legislation. (See *Estrada, supra*, 63 Cal.2d at pp. 744–745; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)  The parties also agree that the trial court did not comply with SB 567 when it sentenced Rodriguez to upper terms based on aggravating circumstances that were not proven in accordance with the new legislation.  However, they disagree as to whether remand is required.

We need not decide whether remand is required under SB 567 given we have already determined the trial court must resentence Rodriguez under AB 124.  When the court resentences Rodriguez, it must comply with the law in effect at that time, including the changes to the law made by SB 567.  On remand, the People shall have the opportunity to prove the aggravating circumstances to the extent required under SB 567.  Alternatively, the People may elect to submit to sentencing on the current record.

## DISPOSITION

We vacate Rodriguez's sentence and remand the case for further proceedings in accordance with this opinion. On remand, the People may elect either to prove the aggravating factors as required under SB 567 or to submit to resentencing on the current record. We affirm the judgment in all other respects.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.